**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUEZETTE H. RICE, | CIVIL ACTION |
| Plaintiff, | Case No.:  2:22-cv-874 |
| vs. | ***Electronically Filed and Served*** |
| NATHAN RICE, INC., a Pennsylvania Corporation; EDWARD RICE, individually, as Trustee of the Sidney David Rice Irrevocable Trust, and as President of Nathan Rice, Inc.; THE SIDNEY DAVID RICE IRREVOCABLE TRUST; WALNUT CAPITAL MANAGEMENT, INC. D/B/A WALNUT CAPITAL MANAGEMENT, a Pennsylvania Partnership; WALNUT CAPITAL MANAGEMENT, a Pennsylvania Partnership; HEMPSTEAD ROAD ASSOCIATES, a Pennsylvania Partnership; GREGG PERELMAN, individually; TODD REIDBORD, individually; and JOHN DOES 1-10, | |
| Defendants. | |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

1.      Plaintiff's complaint should be dismissed because it is impermissibly duplicative of Plaintiff's action currently pending (*Rice I*) involving the precise same material allegations – *i.e.*, the Nathan Rice, Inc. (party to both actions) shareholder agreement and the real estate investment property Hempstead Road Associates (party to both actions).  2:21-cv-90 (Colville, J.).  *Rice I*'s First Amended Complaint (without its attachments), filed on November 8, 2021 (Doc. 74), is attached hereto as <u>Exhibit 1</u>. [1]

---

[1]  Judicial notice of *Rice I* is appropriate.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider [] items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.").

2.      Discovery has been closed since November 30, 2021 in *Rice I*; that case is ready for trial.[2]

3.      This current action is thus a not-so-thinly-veiled attempt to circumvent the Court's case management order in *Rice I*, which set a September 30, 2021, deadline to move to amend pleadings and add parties. *Rice I*; Doc. 40.

4.      Clearly unable to meet Rule 16(b)(4)'s "good cause" requirement to amend her complaint 7 months after that September 30 deadline past, in a tacit admission of her inexcusable delay, Plaintiff improperly filed this new lawsuit. *See, e.g., E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) ("We conclude that the District Court acted well within its discretion when it denied Eastern's motion to amend the complaint six months after the amendment and joinder deadlines had expired, and we will not disturb the Court's ruling in this regard").[3]

5.      Yet Plaintiff's tactic here is precisely what the Third Circuit has commanded District Courts to insure against:

> carefully insur[ing] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.  In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.

*Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977).

---

[2]  The original October 20, 2021 deadline was extended by the court.  *Rice I*; Doc. 60 ("the Court finds that good cause exists for the modest extension requested, and will thus grant the Motion. Fed. R. Civ. P. 16(b)(4) provides: 'Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent'").  *Rice I*'s original case management order (Doc. 40) is attached hereto <u>Exhibit 2</u>.

[3]  Plaintiff in this action is represented by *different* counsel than she has in *Rice I*.

6.     As set forth more fully in Defendants' brief in support of this motion, this action should be dismissed without prejudice.  *See, e.g.*, *Yost v. Anthem Life Ins. Co.*, 3:18-CV-1522, 2019 WL 3451507 (M.D. Pa. July 30, 2019); *Hanna v. S-L Distrib. Co., LLC*, 1:19-CV-2143, 2021 WL 51581 (M.D. Pa. Jan. 6, 2021).

7.     Plaintiff can then, to the extent permissible under the law, refile an action at the conclusion of *Rice I.*

8.     Defendants expressly reserve the right, and do not intend to waive, any defenses to any future attempt by Plaintiff to reassert her claims.

9.     Defendants certify that parties have conferred concerning this motion, and this filing is necessary.

WHEREFORE, Defendants respectfully request that this case be dismissed without prejudice.  A proposed Order is being filed herewith.

Respectfully submitted,

STRASSBURGER McKENNA GUTNICK & GEFSKY

By:    /s/  *Jordan Lee Strassburger*
        Jordan Lee Strassburger
        Pa. ID. No. 209456

3

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| HERBERT L. RICE and | : | CIVIL ACTION |
| SUEZETTE H. RICE, | : | |
| | : | Case No. 2:21-cv-00090-RJC |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| NATHAN RICE, INC., a Pennsylvania | : | |
| Corporation; EDWARD RICE, individually, as | : | |
| Trustee of the Sidney David Rice Irrevocable | : | |
| Trust, and as President of Nathan Rice, Inc.; | : | |
| THE SIDNEY DAVID RICE IRREVOCABLE | : | |
| TRUST; WALNUT CAPITAL MANAGEMENT, | : | |
| INC.; and, HEMPSTEAD ROAD ASSOCIATES, | : | |
| a Pennsylvania Partnership, | : | |
| | : | |
| Defendants. | : | |

## AMENDED
## COMPLAINT IN CIVIL ACTION SEEKING A DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

AND NOW, come Plaintiffs, by and through their attorneys, DILLON McCANDLESS KING

COULTER & GRAHAM LLP, per Thomas W. King, III, Esquire and Thomas E. Breth, Esquire, and

OLSON HARNISH LAW, PLLC, per Ephraim Olson, Esquire, and file the within Amended

Complaint in Civil Action Seeking a Declaratory Judgment and Injunctive Relief, averring in support

thereof as follows:

### I. Parties.

1. Plaintiff, Herbert L. Rice, is an adult individual residing at 7509 Rigby Court, Lakewood

    Ranch, Florida, 34202.

2.    Plaintiff, Suezette H. Rice, is the adult daughter of Herbert L. Rice, and resides at 7509 Rigby Court, Lakewood Ranch, Florida, 34202.

3.    Defendant, Nathan Rice, Inc., is a Pennsylvania Corporation, with its corporate location at 2978 Beechwood Boulevard, Pittsburgh, Pennsylvania, 15217, which is located within this District.

4.    Defendant, Edward Rice, is an adult individual; a Trustee of the Sidney David Rice Irrevocable Trust, which has as its situs Pittsburgh, Pennsylvania; and is the President of Nathan Rice, Inc.  Mr. Rice resides at 2978 Beechwood Boulevard, Pittsburgh, Allegheny County, Commonwealth of Pennsylvania, 15217.

5.    Defendant, Walnut Capital Management, is a Pennsylvania Corporation with a business address of 5500 Walnut Street, #200, Pittsburgh, Commonwealth of Pennsylvania.

6.    Defendant, Hempstead Road Associates, is a Pennsylvania Partnership with a business/partnership address of 5541 Walnut Street, Suite 200, Pittsburgh, Commonwealth Of Pennsylvania.

7.    The Sidney David Rice Irrevocable Trust owns a 54.14 percent interest in the Nathan Rice, Inc., corporation and its assets. Plaintiff Herbert L. Rice owns a 45.86 percent interest in the Nathan Rice, Inc., corporation and its assets.  Plaintiff Herbert L. Rice has effectively transferred his interests in the assets of the corporation to himself and his daughter, Plaintiff Suezette H. Rice, as joint tenants with the right of survivorship.

## II.  Jurisdiction and Venue.

8.    This Court has jurisdiction to hear this matter based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.00.  Additionally, Plaintiffs seek relief under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act.

2

9.      Venue is appropriate in this District because the acts complained of occurred within this

District, and Defendants are located there.

### III. Shareholder Agreement

10.     On or about the 9th day of March 2014, Herbert L. Rice and Sidney Rice, collectively all of the

shareholders of Nathan Rice, Inc., did enter into a certain Shareholder Agreement (hereinafter

referred to as "Shareholder Agreement"). A true and correct copy of the Shareholder

Agreement is attached hereto as Exhibit "A" and incorporated herein by reference as if fully

set forth.

11.     Pursuant to Paragraph 1 of the Shareholder Agreement, the shareholders agreed that they

would "create two (2) divisions, the HR Division and the SR Division within the Corporation."

*Exhibit A, p.1, ¶1.*

12.     The Shareholder Agreement further provided that:

"Each Shareholder shall be free to operate his division without interference or
oversight from the other Shareholder, subject to the terms of this agreement." *Exhibit
A, p.1, ¶1.*

13.     Pursuant to the terms of the Shareholder Agreement, "Either shareholder may at any time

request that the assets (subject to the liabilities) of his division be transferred to his or his

nominee, provided that such shareholder shall be solely responsible for, and shall indemnify

the other shareholder for, any taxes payable with respect to the transfer." *Exhibit A, p.1, ¶1.*

14.     The Shareholder Agreement further provides that:

"The Shareholders agree to divide all other assets owned by the Corporation in
accordance with the percentages set forth in the Preambles. **Specifically, the
Corporation will request that the partnership interests held in Hempstead Road
Associates be split between the Shareholders and that any distribution be sent to
each Shareholder separately.   Likewise, the Corporation will divide any
remaining cash held by the Corporation in accordance with the percentages set
forth in the Preamble."** *Exhibit A, p.2, ¶5.*

3

15.    Pursuant to Paragraph 6 of the Shareholder Agreement, the Shareholders agreed to cooperate "... as is necessary to effectuate the terms of this Agreement ...".  *Exhibit A, p.2, ¶6.*

16.    Said Agreement further provided for termination upon the happening of specific events including "8. A.  The written request of a Shareholder to transfer the assets of his division (subject to the liabilities of his division) from the Corporation." *Exhibit A, p.3, ¶8.*

17.    The aforesaid Agreement was further binding upon the heirs, legatees, personal representatives, successors, or permitted assigns of the parties.  *Exhibit A, p.3-4, ¶14.*

18.    Sidney Rice departed this life on the 2nd day of November 2015, survived by his son Edward Rice, his wife Frances Rice, and his daughters Marjorie Rice and Sandra Rice Fritsch.  The assets owned by Sidney Rice in Nathan Rice, Inc., are included in the Sidney David Rice Irrevocable Trust dated November 2, 2015.

### IV.  Notice of Termination.

19.    On June 24, 2018, Herbert L. Rice, pursuant to the terms and conditions set forth in Exhibit "A" did elect to terminate the aforesaid Shareholder Agreement dated March 9, 2014, and further in accordance with said Agreement have the assets of his division transferred to him in accordance with Section 8.A. thereof.  (See Exhibit "B", attached hereto and marked the same, incorporated herein).

### V.  Notice is Given to Walnut Capital.

20.    On or about the 24th day of June 2018, at the same time that notice was provided as aforesaid to Edward Rice, notice was likewise provided to Walnut Capital with respect to Herbert L. Rice's interest in a Pennsylvania partnership known as Hempstead Road Associates.  Pursuant to the terms of Exhibit "A" said Herbert L. Rice did elect to withdraw his 45.86 Percent

interest in Nathan Rice Inc.'s 13.07% interest in Hempstead Road Associates, and to have the same distributed to himself and Suezette H. Rice, as joint tenants with right of survivorship.

21.   In accordance with said direction, Michael A. Goldstein, Chief Financial Officer of Walnut Capital, did, on behalf of said organization, retitled the ownership interest in Hempstead Road Associates owned by Herbert L. Rice into the name of "Herbert L. Rice and Suezette H . Rice, WROS (with right of survivorship)."  (See Exhibit "C", attached hereto and incorporated herein.)

### VI.  Nathan Rice, Inc., and Edward Rice Interfered with the Ownership and Distribution of the Assets Owned by the Plaintiffs

22.   On November 2, 2020, by letter from Attorney Michael P. Gaetani of Strassburger McKenna Gutnick & Gefsky, Nathan Rice, Inc., and Edward Rice, as the Trustee of the Sidney David Rice Irrevocable Trust, did write to Michael A. Goldstein, the Chief Financial Officer of Walnut Capital Management improperly directing Walnut Capital Management to pay all future distribution of the interests owned by Sidney Rice and Herbert L. Rice to Nathan Rice, Inc. (See attached Exhibit D). Said action was taken notwithstanding the fact that Herbert L. Rice had previously acted in accordance with the Shareholder Agreement to terminate the same and to properly distribute his percentage ownership of the assets of the corporation to himself and his daughter, Suezette H. Rice, as joint tenants with right of survivorship.

23.   Said action was obdurate, vexatious, and wrongful, improper, intentional, and interfered with the proper exercise of the rights vested in the Plaintiff, Herbert L. Rice, pursuant to the Exhibits attached to this Complaint.  As such, the conduct of the Defendants described herein constitutes "bad faith" by all of the said Defendants.

24.     The actions taken by the said Defendant, Edward Rice, as Trustee and as President of Nathan Rice, Inc., tortiously interfered with rights vested in the Plaintiffs, and were taken notwithstanding the fact that Walnut Capital Management had previously retitled the interest of Herbert L. Rice (see Exhibit "C" attached hereto) and had made ten quarterly distributions, for approximately 2 ½ years directly to Herbert L. Rice and Suezette H. Rice as joint tenants with the right of survivorship.  (See, the letter of November 2, 2020, attached hereto and marked as Exhibit "D", and incorporated herein by referenced thereto.)  (See also Exhibit "E", which includes distribution checks and Hempstead Road Investor Statements issued by Walnut Capital Management, Inc., and Hempstead Road Associates as sent to Plaintiffs.)

25.     Further, Walnut Capital Management also maintained an Investor Portal.  True and correct pictures of the same are included herein (See Exhibit E) reflecting the fact that the interest of Herbert L. Rice had previously been separated and was considered to be the property of Herbert L. Rice and Suezette H. Rice, as joint tenants with right of survivorship.

### VII.  The Attempt to Purchase Plaintiffs' Interest in Hempstead Road Associates without Full Disclosure

26.     On November 2, 2020, as evidenced by Exhibit "D," Nathan Rice, Inc., interfered with the distributions from Hempstead Road Associates to the detriment of the Plaintiffs. At the same time, Defendants withheld significant information with respect to a distribution due the said Herbert L. Rice and Suezette H. Rice, as a result of November/December 2020 refinancing done by Hempstead Road Associates, which distribution to Plaintiff would have totaled $107,405.82. This forthcoming distribution was known to Edward Rice and Hempstead Road Associates, but never conveyed to Plaintiffs.

6

27.   Without conveying such information, officials of Walnut Capital Management attempted to purchase the Plaintiffs' interest in Hempstead Road Associates for the sum of $100,000.00, which was less than the non-disclosed distribution to which the Plaintiffs were entitled.

28.   Hempstead Road Associates and Walnut Capital Management are named Defendants in this Declaratory Judgment Action in order to effectuate the necessary transfer of interest as described in this Complaint and to secure the payment of all distributions prior and future as required by this Action.  They are further named as parties responsible to pay Plaintiffs' counsel fees based upon their conduct as previously described.

### VIII.  The Defendant Edward Rice has acted as President and Director of the Corporation Nathan Rice, Inc., in Contravention of the Requirements of a Pennsylvania Corporation, and as such, the Court should Declare that such Actions are Contrary to Law and Necessitate the Appointment of a Custodian or Require the Forced Dissolution of the Corporation

29.   Edward Rice, the Defendant herein, has represented himself to be the President and sole Director of Nathan Rice, Inc., at all times relevant to the matters set forth herein since 2014 and thus had a fiduciary duty to Plaintiffs, which he has breached.

30.   That the said Edward Rice has failed and refused to comply with the requirements of Pennsylvania law, including holding annual shareholder meetings, holding directors meetings, providing required information to minority shareholders, and has otherwise so completely violated and disregarded Pennsylvania law (*See*, 15 Pa.C.S.A. § 1767 (a)(2), et seq., et al.) that the corporation known as Nathan Rice, Inc., should have a custodian, of Plaintiff's choice, appointed for it, or should be dissolved by Order of this Court.

31.   That as a result of the actions or inactions of the said Edward Rice, this Court should declare that the said Edward Rice is responsible for the fees and costs incurred by the Plaintiffs in

defending a legal action not otherwise properly authorized, and in attempting to enforce their rights as minority shareholders.

32. That this Honorable Court should further declare that the said Edward Rice and/or Nathan Rice, Inc., have interfered with and prevented the payment of proper distributions to the minority shareholder and have caused the lawyers for the Defendants to retain funds which are properly those of the Plaintiffs.

33. That the said Edward Rice has systematically excluded Herbert L. Rice from participating in the management or operation of the said corporation since at least 2014, and has acted in bad faith and with reckless indifference towards the Plaintiffs.

34. That the said Edward Rice has further participated in the encumbrance of the premises known as Hempstead Road Associates without notice to the minority shareholder and without any opportunity for a proper corporate meeting or directors meeting authorizing said indebtedness.

35. That the said Edward Rice has further failed to produce a "joinder" which is required under the aforesaid shareholders' agreement, as follows:

> "The terms of this Agreement shall be binding upon, inure to the benefit of and shall be enforceable by the parties hereto, their heirs, legatees, personal representatives, successors or permitted assigns. No transfer of either Shareholder of shares of stock of the Corporation (including transfers at death and by operation of law) shall be effective unless the transferee has executed a joinder to this Agreement agreeing to be bound by its terms."

and this Court should declare that the activities conducted by the Sidney David Rice Irrevocable Trust, in acting as majority shareholder, have been thoroughly without a legal basis and are therefore void ab initio.

## VIII. Declaratory Relief

36. Plaintiffs respectfully request that this Honorable Court enter an Order granting Plaintiffs

8

request for Declaratory Relief, based on the Federal Declaratory Judgment Act, the terms of the Shareholder Agreement referenced herein and the actions of the Plaintiffs.

## IX. Request for Relief

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order granting Plaintiffs request for Declaratory and Injunctive Relief as follows:

a.     That Plaintiff, Herbert L. Rice, as a shareholder in Nathan Rice, Inc., and pursuant to his Shareholder Agreement with Sidney Rice, dated March 9, 2014, on or about June 21, 2018, pursuant to said Agreement, elect to terminate the Shareholder Agreement of March 9, 2014, and have the assets of his division transferred to him in accordance with the Shareholder Agreement.

b.     That the assets of Herbert L. Rice's division, included the Plaintiffs' 45.86 percent interest of Nathan Rice, Inc.'s 13.07 percent share of Hempstead Road Associates, were transferred by Herbert L. Rice.

c.     That Herbert L. Rice's said interest was transferred effective June 21, 2018, to Herbert L. Rice and Suezette H. Rice, as joint tenants with right of survivorship.

d.     That all distributions from Hempstead Road Associates from June 21, 2018, to the present date and continuing hereafter are the sole and separate property of the Plaintiffs, Herbert L. Rice and Suezette H. Rice, as joint tenants with right of survivorship.

e.     That the actions of Defendants interfered with the rights of Plaintiffs and wrongfully deprived Plaintiffs of such distributions, and further request an Order from this Court directing Defendants to pay over to Plaintiffs all of such distributions, including but not limited to, the November/December 2020 refinancing proceeds in the amount of $107,405.92, together with the 3rd quarter 2020 distribution in the amount of $1,198.26, and any other distributions made

thereafter. Alternatively, if the property is distributed without encumbrance, then the refinancing payments (but not the distributions) described herein would be avoided by virtue of the encumbrance being removed.

f.      That Plaintiffs request this Court declare that Nathan Rice, Inc., and Edward Rice are prohibited from any attempt to interfere with the ownership interests of the Plaintiffs or to engage in any tactics in an attempt to subject the Plaintiffs to Federal or State taxation.

g.      That Plaintiffs further request this Honorable Court to declare that the actions of the Defendants were in breach of the Shareholder Agreement of March 9, 2014, and were obdurate, vexatious, and wrongful and/or intentional, and in bad faith, thus subjecting the Defendants to payment of the Plaintiffs' counsel fees and costs, and for such other damages as may be determined by this Honorable Court.

h.      That Plaintiffs seek a Declaration that Hempstead Road Associates and Walnut Capital management shall retitle the interests owned by the Plaintiffs as set forth herein into the names of Herbert L. Rice and Suezette H. Rice, as joint tenants with right of survivorship, and effective as of June 21, 2018, and without any post 2014 encumbrance(s).

i.      That Herbert L. Rice, as shareholder of Nathan Rice, Inc., enjoys the rights and privilege afforded shareholders under Pennsylvania and other applicable law to inspect the books and records of Nathan Rice., Inc., including tax returns and the financial documentation supporting those returns.

j.      That Herbert L. Rice's termination of the Shareholder Agreement on or about June 24, 2018 terminated his ownership interest as a shareholder, entitling him to a full liquidating distribution in 2018, and further directing the Defendants to effect such full liquidating distribution.

k.      Plaintiffs further request this Honorable Court to enter a Declaratory Judgment together with an Injunction enforcing the declaration by this Honorable Court as requested aforesaid with costs on the Defendants.

l.      That the Court grant such other relief as the Court may deem appropriate.

m.      That this Honorable Court declare that the said Edward Rice has acted improperly with respect to his assertion that he is properly (or that the Sidney David Rice Irrevocable Trust is properly) a shareholder in Nathan Rice, Inc.

n.      That this Honorable Court declare that the withholding of distributions to the Plaintiffs is under all circumstances improper and that such funds should be forthwith paid over to the Plaintiffs, together with all additional distributions, both previous and future.

o.      That this Honorable Court declare that a receiver should be appointed for the corporation known as Nathan Rice, Inc., and/or that the corporation should be judicially dissolved.

p.      That this Honorable Court declare that any encumbrance created since 2014 on the interest of the Plaintiffs in Hempstead Road Associates should be null and void and the interest in Hempstead Road Associates should be conveyed to the Plaintiffs free and clear of any such encumbrances.

q.      That this Court declare that the conduct of Defendants was recklessly indifferent to the rights of Plaintiffs, thus entitling them to punitive damages.

r.     That this Court declare that the said Edward Rice breached his fiduciary duties to the Plaintiffs.

<div align="right">

Respectfully submitted,

</div>

Dated: November 8, 2021               By: /s/ Thomas W. King, III
                                      Thomas W. King, III
                                      PA I.D. No. 21580
                                      tking@dmkcg.com
                                      Thomas E. Breth
                                      PA I.D. No. 66350
                                      tbreth@dmkcg.com
                                      DILLON McCANDLESS KING
                                      COULTER & GRAHAM, LLP

                                      By:/s/ Ephraim Olson, UT ID 15215
                                      Ephraim@olsonharnish.com
                                      OLSON HARNISH LAW, PLLC

                                      *Counsel for Plaintiffs*

<p style="text-align:center; color:red;">EXHIBIT 2</p>

<div align="center">
IN THE UNITED STATES DISTRICT COURT<br>
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
</div>

| | | |
|---|---|---|
| HERBERT L. RICE and SUEZETTE H. RICE, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:21-cv-00090-RJC |
| | ) | |
| vs. | ) | |
| | ) | |
| NATHAN RICE, INC., a Pennsylvania Corporation, EDWARD RICE, individually, as Trustee of the Sidney David Rice Irrevocable Trust, and as President of Nathan Rice, Inc., THE SIDNEY DAVID RICE IRREVOCABLE TRUST, WALNUT CAPITAL MANAGEMENT, INC., HEMPSTEAD ROAD ASSOCIATES, a Pennsylvania Partnership, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

IT IS HEREBY ORDERED that this action is placed under Local Rule 16.1 for pretrial proceedings and all provisions of the Rule will be strictly enforced. Pursuant to Local Rule 16.1, the parties are directed as follows:

1. Plaintiffs' "Motion for Speedy Hearing of Declaratory Judgment Action Pursuant to Rule 57 of the Fed. R.C.P." (ECF No. 29) is hereby granted in part insofar as the Court has adopted the deadlines set forth below.

2. The parties shall move to amend the pleadings or add new parties by **September 30, 2021**.

3. The parties shall complete fact discovery by **October 28, 2021.** All interrogatories, depositions and requests for admissions and/or production of documents shall be served

within sufficient time to allow responses to be completed prior to the close of fact discovery.

4. Plaintiffs' Expert Reports are due within seven (7) days of the close of fact discovery. Defendants' Expert Reports are due within seven (7) days of the close of fact discovery. Depositions of all experts shall occur within twenty-one (21) days of the close of fact discovery.

5. The parties shall complete the ADR process they selected by **August 23, 2021**. Discovery is **NOT** stayed pending ADR.

6. If a discovery dispute occurs, prior to filing any discovery motions, the parties shall first meet and confer in an attempt to resolve the dispute. If the matter is still unresolved after meeting and conferring, then the parties shall jointly contact Chambers for purposes of scheduling a telephone conference with the Court.

7. The parties have elected to have the Court separately enter the Model Order located in the Appendix to LCvR 16.1.D relating to the protections of Federal Rule of Evidence 502(d).

8. The Court will conduct a post-discovery status conference on **November 22, 2021** at **9:00 a.m.** in the Chambers of United States District Judge Robert J. Colville, Suite 8370 U.S. Post Office and Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Lead trial counsel shall attend, and the court will inform counsel if attendance by the parties is necessary. At least five (5) business days prior to the post-discovery status conference, the parties shall file on the docket an updated joint pre-conference statement. *See* Hon. Robert J. Colville Practices and Procedures, III.A.2. Any party may supplement the joint pre-conference statement with an individually filed voluntary position statement. *See* Hon. Robert J. Colville Practices and Procedures, III.A.3.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status or pretrial conferences to obtain authority to participate in settlement

negotiations to be conducted by the Court. Counsel are encouraged to instruct the principals to be

available by telephone to facilitate the amicable resolution of all litigation.


BY THE COURT:

s/ *Robert J. Colville*
_____
Robert J. Colville
United States District Judge

Dated:  June 22, 2021
cc:  all counsel of record

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUEZETTE H. RICE, | CIVIL ACTION |
| Plaintiff, | Case No.:  2:22-cv-874 |
| vs. | ***Electronically Filed and Served*** |
| NATHAN RICE, INC., *et al*. | |
| Defendants. | |

## PROPOSED ORDER OF COURT

AND NOW, this _____ day of _____ 2022, upon consideration of Defendants' Motion to Dismiss, it is hereby **ORDERED** that:

1. Defendants Motion to Dismiss Plaintiff's Complaint (Doc.1) is **GRANTED**;

2. The above captioned matter is **DISMISSED WITHOUT PREJUDICE**;

3. The Clerk of Court is directed to close this case.

_____
Robert J. Colville
United States District Judge

4