IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUEZETTE H. RICE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NATHAN RICE, INC., a Pennsylvania Corporation; EDWARD RICE, individually, as Trustee of the Sidney David Rice Irrevocable Trust, and as President of Nathan Rice, Inc.; THE SIDNEY DAVID RICE IRREVOCABLE TRUST; WALNUT CAPITAL MANAGEMENT, INC. D/B/A WALNUT CAPITAL MANAGEMENT, a Pennsylvania Partnership; WALNUT CAPITAL MANAGEMENT, a Pennsylvania Partnership; HEMPSTEAD ROAD ASSOCIATES, a Pennsylvania Partnership; GREGG PERELMAN, individually; TODD REIDBORD, individually; and JOHN DOES 1-10,<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>Case No.:  2:22-cv-874<br><br>*Electronically Filed and Served* |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### Introduction

This action (*Rice II*) should be dismissed because it is impermissibly duplicative of the lawsuit in which Suezette Rice is also currently the sole plaintiff (*Rice I*) – involving the exact same subject matter, in this United States District Court, and before the same District Judge.  2:21-cv-90 (Colville, J.).

Plaintiff is improperly splitting her claims.  The current lawsuit is based upon the same set of facts and transactions alleged in *Rice I* – namely, a Nathan Rice, Inc. shareholder agreement and a real estate investment, Hempstead Road Associates.

1

Now, however, Plaintiff wishes to assert certain tort claims and add two new defendants in their personal capacities, Gregg Perelman and Todd Reidbord. Officers of a corporation are in privity with the corporation for purposes of claim splitting or claim preclusion. *Lewis v. O'Donnell*, 674 Fed. Appx. 234, 237 n.5 (3d Cir. 2017) (individual defendants were in privity with company sued in prior action because "directors, officers, employees, and attorneys of the [company] are in privity with the [company] for purposes of res judicata.") (quoting *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1235 n.6 (7th Cir. 1986)); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

The tort claims now raised could have been asserted in *Rice I*'s November 8, 2021, First Amended Complaint. Plaintiff knows this well. Which is why in the face of certain denial of a second motion to amend her pleading in *Rice I*, she filed this new lawsuit (with different counsel). Her proscribed attempt to circumvent *Rice I*'s Rule 16 case management order's deadlines is beyond reasonable dispute.

As succinctly explained in an on-point case from the Middle District of Pennsylvania:

> We must carefully guard the efficient use of judicial resources. We must also ensure that parties do not attempt to "game the system" by filing duplicative lawsuits. Here, we see both of these issues at play. We cannot properly and efficiently consider Plaintiff's Illinois claim while the *Mode* court looks to the same underlying facts to decide a substantially similar case. Both Supreme Court and Third Circuit precedent caution us against doing so. . . . In the interest of judicial efficiency and fairness, we will thus dismiss the instant case without prejudice. Should *Mode* no longer present issues of claim splitting, nor give rise to claim or issue preclusion, Plaintiff

is welcome to refile her Illinois state law claim. Until then, we shall properly defer to the ongoing proceedings in *Mode*.

*Hanna v. S-L Distrib. Co., LLC*, 1:19-CV-2143, 2021 WL 51581, at *5 (M.D. Pa. Jan. 6, 2021).

## ARGUMENT

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF *RICE I*

**Governing Principles**

"At the outset, it is clear [Plaintiff has] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). "The pendency of a prior pending action in the same federal court is ground for abatement of the second action." *Id.* (quoting *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947)).

And as commanded by the Third Circuit in *Walton*, district courts "must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." 563 F.2d at 7. "There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had." *Sutcliffe Storage*, 162 F.2d at 851; *Schneider v. United States*, 301 Fed. Appx. 187, 190 (3d Cir. 2008) (a district court has the "power to administer its docket and dismiss a suit that is duplicative of another suit in federal court").

"The longstanding rule against improper claim splitting prohibits a plaintiff from prosecuting [her] case piecemeal and requires that all claims arising out of a single

alleged wrong be presented in one action." *Prewitt v. Walgreens Co.*, No. 12-6967, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013) (citation omitted). "The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata*." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The two doctrines serve the same policies of fostering judicial economy and protecting parties from vexatious and expensive litigation. *Id.*; *see also Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002) ([I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion").

The cases, furthermore, need not be actually identical to involve the same subject matter. *McKenna v. City of Philadelphia*, 304 Fed. Appx. 89, 92 (3d Cir. 2008) (affirming the district court's dismissal of a duplicative suit based on the preclusion doctrine but indicating that the district court should have stayed the duplicative suit or dismissed without prejudice). When the difference between the two cases is "purely semantic" and both cases rely on "the same operative facts and legal principles," the cases involve the same subject matter. *Id*.

Two cases illustrate the controlling principles and compel that this action be dismissed without prejudice. In *Yost v. Anthem Life Ins. Co.*, the court granted defendant's motion to dismiss based upon the prohibition against duplicative lawsuits. 3:18-CV-1522, 2019 WL 3451507 (M.D. Pa. July 30, 2019). Because Yost's second lawsuit was based upon the "same operative facts" as his first, dismissal of the second lawsuit was appropriate. *Id*. at * 4. Furthermore, in holding that the two cases

impermissibly involved the same subject matter the *Yost* Court relied upon the Supreme Court's following reasoning:

> [C]auses of actions are the same if they arise from the same "transaction"; whether they are products of the same "transaction" is to be determined by "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Id*. (quoting *Nevada v. United States*, 463 U.S. 110, 131 n. 12 (1983)). "As explained by the United States Supreme Court in *Elgin v. Dep't of Treasury*, 567 U.S. 1, 34 (2012) (Alito, J., dissenting), '[p]laintiffs generally must bring all claims arising out of a common set of facts in a single lawsuit, and federal district courts have discretion to enforce that requirement as necessary 'to avoid duplicative litigation.'" *Id*. at *3 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Similarly, in *Hanna v. S-L Distrib. Co., LLC*, the District Court dismissed plaintiff's second lawsuit holding that it was impermissibly duplicative of plaintiff's first action. 1:19-CV-2143, 2021 WL 51581 (M.D. Pa. Jan. 6, 2021). The court reasoned that both cases involved the same "*evidence*" and "common set of facts." *Id*. at *3 (court's emphasis). The *Hanna* Court also applied the command from the Third Circuit in *Walton* that courts must "carefully insure that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Id*. at *4 (quoting *Walton*, 563 F.2d at 71) (internal alterations omitted).

**Plaintiff's Two Complaints Contain the Same Material Dispute**

This case and *Rice I* concern nearly identical allegations concerning a shareholder agreement (indeed, the agreement is Exhibit A in *both* cases); alleged withholding of

dividend distributions; an alleged improper "encumbrance" on Hempstead Road Associates; and alleged shareholder suppression.

The duplicity of *Rice I* and this action is laid bare by the following chart:

| *Rice II* Complaint | *Rice I* First Amended Complaint |
|---|---|
| On or about March 9, 2014, Herbert L. Rice and Sidney Rice entered into a shareholder agreement pertaining to the Corporation. *See* Exhibit A (the "Shareholder Agreement"). ℙ 19. | On or about the 9th day of March 2014, Herbert L. Rice and Sidney Rice, collectively all of the shareholders of Nathan Rice, Inc., did enter into a certain Shareholder Agreement. A true and correct copy of the Shareholder Agreement is attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth. ℙ 10. |
| On or about June 24, 2018, Herbert L. Rice terminated the Shareholder Agreement and elected to have the assets of his division transferred to himself in accordance with Section 8A of the Shareholder Agreement. ℙ 35. | On June 24, 2018, Herbert L. Rice, pursuant to the terms and conditions set forth in Exhibit "A" did elect to terminate the aforesaid Shareholder Agreement []. ℙ 19. |
| Herbert L. Rice also provided notice to Defendant, WCM to convey his 45.86% stake in the 13.07% ownership interest in Hempstead Road Associates, held via the Corporation, to himself and his daughter, Suezette H. Rice, at joint tenants with the right of Survivorship. ℙ 33. | Herbert L. Rice did elect to withdraw his 45.86 Percent 4 interest in Nathan Rice Inc.'s 13.07% interest in Hempstead Road Associates, and to have the same distributed to himself and Suzette H. Rice, as joint tenants with right of survivorship. ℙ 20 |
| Walnut Capital Management appropriately retitled Herbert L. Rice's ownership interest in Hempstead Road Associates and made distributions to Herbert L. Rice and Suezette H. Rice for approximately 2.5 years in 10 quarterly payments. ℙ 40. | Walnut Capital, did, on behalf of said organization, retitled the ownership interest in Hempstead Road Associates owned by Herbert L. Rice into the name of "Herbert L. Rice and Suzette H . Rice, WROS (with right of survivorship). ℙ 21 |
| On or about November 2, 2020, Nathan Rice, Inc. and Edward Rice, as Trustee of the Sidney David Rice Irrevocable Trust – by and through their attorney, Non-Party, Michael P. Gaetani, Esquire – directed Defendant, WCM, via letter, to pay all future distributions of Hempstead Road Associates to the Corporation. ℙ 41. | On November 2, 2020, by letter from Attorney Michael P. Gaetani of Strassburger McKenna Gutnick & Gefsky, Nathan Rice, Inc., and Edward Rice, as the Trustee of the Sidney David Rice Irrevocable Trust, did write to Michael A. Goldstein, the Chief Financial Officer of Walnut Capital Management improperly directing Walnut Capital Management to pay all future distribution of the interests owned by Sidney Rice and Herbert L. Rice to Nathan Rice, |

| | Inc. ¶ 22. |
|---|---|
| Walnut Capital wrongfully stopped making payments to Herbert L. Rice and Plaintiff, Suezette H. Rice and have failed to make any quarterly distributions to Herbert L. Rice and Plaintiff, Suezette H. Rice since Fall 2020. ¶ 42. | Edward Rice[] did write Walnut Capital Management improperly directing Walnut Capital Management to pay all future distribution of the interests owned by Sidney Rice and Herbert L. Rice to Nathan Rice, Inc. ¶ 22. |
| Edward Rice decided to encumber the Hempstead Road property with an over $9.2M mortgage.  None of the Defendants informed Plaintiffs that they were encumbering Plaintiffs' property (including signing a mortgage on Plaintiffs behalves), nor did they receive consent or approval from Plaintiff [*sic*]. ¶¶ 52 and 53. | Edward Rice has further participated in the encumbrance of the premises known as Hempstead Road Associates without notice to the minority shareholder and without any opportunity for a proper corporate meeting or directors meeting authorizing said indebtedness.  ¶ 34. |
| Since in or around 2014, Defendant, Edward Rice blocked Herbert L. Rice from participating in the management of the Corporation and in any shareholder meetings. ¶ 30. | Edward Rice has systematically excluded Herbert L. Rice from participating in the management or operation of the said corporation since at least 2014, and has acted in bad faith and with reckless indifference towards the Plaintiffs.  ¶ 35. |

It is beyond reasonable debate that *Rice I* and now *Rice II* concern the same operative factual allegations.  And "[i]n deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (citation omitted).  This action, no different than *Yost* and *Hannah*, *supra*, therefore should be dismissed without prejudice.

**Consolidation of the Two Actions Would Cut Against the Rule of Law**

The Court should reject any attempt by Plaintiff to consolidate this case with *Rice I*.  Doing so would only reward Plaintiff's failure to adhere to this Court's Rule 16 case management order in *Rice I* (Exhibit 2) – which, it is worth repeating, the Third Circuit explicitly instructed District Courts to guard against:

7

> [D]istrict court[s should] carefully insure[] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed. In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints . . . .

*Walton*, 563 F.2d at 71.

The *Walton* Court's directive is particularly applicable here. Because the factual underpinnings concerning *Rice I* and *Rice II* are identical, Suezette Rice would essentially be permitted to file a third compliant when she had every opportunity in *Rice I* to assert that which she alleges now. According to the *Rice I* case management order (Exhibit 2), Suezette Rice was granted until September 30, 2021, to amend her complaint. And she did. Yet the claims she *now* raises in this current *Rice II* action were known to her on September 30, 2021. She simply chose not to assert them.

It is clear, then, that *even if* Suezette Rice had filed a *second* motion for leave to file an amended complaint in *Rice I* (instead of this lawsuit), it would have been properly denied under settled precedent requiring just cause and due diligence to amend a pleading under Rule 16(b)(4) governing a court's case management. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies"). "[W]hether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence." *Id*. (citing *Race Tires Am. v. Hoosier Racing Tire Corp.*, 614 F.3d 57 (3rd Cir. 2010); *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)). In *Race Tires*, the Third Circuit held that the district court "properly denied leave to amend"

after plaintiff moved to amend after the case management deadline and failed to show "due diligence." 614 F.3d at 84-85.

To be clear, there is no reason whatsoever that Ms. Rice could not have included in her November 8, 2021 amended Complaint (Exhibit 1) what she attempts to now litigate here. And that is why, rather than file a second (untimely) motion for leave in *Rice I*, Ms. Rice filed this lawsuit instead. Chief Judge Hornak's reasoning rejecting this tactic applies here:

> The Secretary made the choice not to file a motion to amend the complaint in *Holland Acquisitions* to add Defendant to the first case (although he has filed a boatload of amendment motions to do other things). Maybe the Secretary made that choice because the deadline to amend pleadings had long ago gone by. Maybe the Secretary, realizing that he had already repeatedly sought leave to amend his pleadings in the face of objections of the opposing parties, figured more objections awaited him. Perhaps hypothesizing that the Court might be less than amenable to yet another amendment request that sought to add another defendant well after significant amounts of discovery occurred, the Secretary filed an entirely new action in order to dodge those issues. But, the Secretary may not avoid a possible negative ruling by filing a wholly separate case. *Schneider*, 301 Fed. Appx. at 190. The law requires the Secretary to roll those dice at the table where he is already seated. To the extent that the Secretary may disagree with the Court's ruling on a motion—any motion—his remedy is an appeal, not more lawsuits. *Id*.

*Acosta v. Gaudin*, 2:17-CV-366, 2017 WL 4685548, at *4 (W.D. Pa. Oct. 18, 2017).

**Consolidation Would Also Prejudice Defendants Because *Rice I* Is Ready for Trial**

This case should not be consolidated for another important reason: Rice I is ready for trial. Discovery has been closed there since November 30, 2021; experts have filed their reports; and a summary judgment scheduled has been set. Allowing the new claims in this action to proceed will inevitably require additional delay, significant discovery, and expense. As observed by one court, and equally applicable here:

> This new theory, which could have been asserted in the original complaint; the proposed amendment, at this stage, would prejudice Defendants. If the amendment were allowed, Defendants would be required to defend against (and take discovery relating to) an entirely new public policy argument, which differs considerably from the argument in the original Count II. The Court agrees with Defendant that this will have a substantial and prejudicial impact on Defendant's preparation and defense. *See, e .g., Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08–3121, 2009 U.S. Dist. LEXIS 81963, 2009 WL 2905471, at *17 (D.N.J. Sept.8, 2009) ("Prejudice may result from an amendment where a party has to change tactics or case theories because of new claims.").

*Prewitt*, 2013 WL 6284166, at *2 n. 12.

The following conclusion by the *Prewitt* Court also supports *not* consolidating this case with *Rice I*:

> [A]llowing the plaintiff to assert this new action and consolidate the cases undermines the public policy behind *res judicata* and against "claim splitting." The doctrines promote judicial economy by protecting defendants from having to defend against multiple identical, or nearly identical, lawsuits and by protecting courts from having to expend judicial resources on piecemeal litigation.

*Id.* at *5 (citing *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011)).

## CONCLUSION

Plaintiff's complaint should be dismissed without prejudice.

    Respectfully submitted,

    STRASSBURGER McKENNA GUTNICK
    & GEFSKY


By: /s/ *Jordan Lee Strassburger*
    Jordan Lee Strassburger
    Pa. ID. No. 209456