**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUEZETTE H. RICE, | ) | |
| | ) | No. 2:22-cv-874-RJC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Robert J. Colville |
| | ) | |
| NATHAN RICE, INC., a Pennsylvania | ) | |
| Corporation; EDWARD RICE, individually, | ) | |
| as Trustee of the Sidney David Rice | ) | |
| Irrevocable Trust, and as President of Nathan | ) | |
| Rice, Inc.; THE SIDNEY DAVID RICE | ) | |
| IRREVOCABLE TRUST; WALNUT | ) | |
| CAPITAL MANAGEMENT, INC. D/B/A | ) | |
| WALNUT CAPITAL MANAGEMENT, a | ) | |
| Pennsylvania Partnership; WALNUT | ) | |
| CAPITAL MANAGEMENT, a Pennsylvania | ) | |
| Partnership; HEMPSTEAD ROAD | ) | |
| ASSOCIATES, a Pennsylvania Partnership; | ) | |
| GREGG PERELMAN, individually; TODD | ) | |
| REIDBORD, individually; and JOHN DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Robert J. Colville, United States District Judge

Before the Court are the following motions that have been filed in the above-captioned matter: (1) a Motion to Dismiss (ECF No. 16) filed by Defendants; and (2) a Cross-Motion to Amend (ECF No. 18) filed by Plaintiff. The Motions have been fully briefed and are ripe for disposition. Defendants' Motion to Dismiss raises a single ground for the relief requested therein, namely that the present action is impermissibly duplicative of Plaintiff's action currently pending at 2:21-cv-90-RJC ("*Rice I*"), arguing that the lawsuits involve "the precise same material

allegations."  Mot. ¶ 1, ECF No. 16.  Plaintiff opposes Defendants' Motion, and, alternatively, cross-moves to amend her Complaint to add Dollar Bank as a nominal defendant.

Beginning with the Motion to Dismiss, the Court notes that a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

As noted, Defendants seek dismissal of this action (*Rice II*) on the basis that it is impermissibly duplicative of *Rice I*, a lawsuit that is also before the undersigned and that further involves the same Plaintiff, nearly all of the same defendants, and a strikingly similar subject matter, and, in particular, allegations respecting the same shareholder agreement and the same real estate investment in Defendant Hempstead Road Associates. Br. in Supp. 1, ECF No. 17. Defendants argue that Plaintiff is impermissibly splitting her claims, and that she is only doing so

by way of the initiation of new litigation in *Rice II* because the deadline for amendment in *Rice I* has long since passed.  *Id.* at 2.  Defendants assert that all of the claims asserted by way of *Rice II* could have been set forth in Plaintiff's November 8, 2021 First Amended Complaint in *Rice I*, and that Plaintiff has filed a new action in an effort to avoid possible denial of a motion to amend in *Rice I*.  Plaintiff advances minimal argument by way of her opposition to Defendants' Motion to Dismiss, and, in particular, offers surprisingly little in the way of either substantive argument as to why the present action is distinct from *Rice I* or citation to any case law that would counsel in favor of denial of Defendants' Motion.

"The split claims doctrine dictates that '[p]laintiffs generally must bring all claims arising out of a common set of facts in a single lawsuit.'"  *Hanna v. S-L Distribution Co., LLC*, No. 1:19-CV-2143, 2021 WL 51581, at *3 (M.D. Pa. Jan. 6, 2021) (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 34 (2012) (Alito, J., dissenting)).  "The longstanding rule against improper claim splitting prohibits a plaintiff from prosecuting [her] case piecemeal and requires that all claims arising out of a single alleged wrong be presented in one action."  *Prewitt v. Walgreens Co.*, No. CIV.A. 12-6967, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013).  "[F]ederal district courts have discretion to enforce that requirement as necessary to avoid duplicative litigation."  *Hanna*, 2021 WL 51581, at *3 (internal quotation marks omitted).

A plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); *see also McKenna v. City of Philadelphia*, 304 F. App'x 89, 92 (3d Cir. 2008) ("*Walton* applies when two cases: (1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter.").  When faced with two virtually identical actions, a court can dismiss the second complaint without prejudice, or it can stay proceedings in

the second action until judgment is entered in the first.  *Walton*, 563 F.2d at 70.  A district court

can also consolidate the two actions, provided that:

> [T]he district court carefully insures that the plaintiff does not use the tactic of filing
> two substantially identical complaints to expand the procedural rights he would
> have otherwise enjoyed.  In particular, the court must insure that the plaintiff does
> not use the incorrect procedure of filing duplicative complaints for the purpose of
> circumventing the rules pertaining to the amendment of complaints,
> Fed.R.Civ.Proc. 15, and demand for trial by jury, Fed.R.Civ.Proc. 38.

*Id.* at 71.

In the instant case, the first *Walton* requirement has clearly been established.  Plaintiff

brought each of her two lawsuits before the undersigned in this District.

With respect to the second *Walton* requirement, the Court finds that *Rice I* and *Rice II*

involve the same defendants.  While Plaintiff asserts claims in the instant action against Defendants

Todd Reidbord and Gregg Perelman, neither of whom is a named defendant in *Rice I*, in their

individual capacities, Plaintiff's Complaint in this matter makes clear that these individuals'

potential liability hinges entirely on their relationship to Defendants Walnut Capital Management

Inc., of whom Reidbord is allegedly president, and Defendant Hempstead Road Associates, of

whom both Reidbord and Perelman are allegedly managing members.  Compl. ¶¶ 7-8, ECF No. 1.

Both Walnut Capital Management, Inc. and Hempstead Road Associates are defendants in *Rice I*,

and it is Reidbord's and Perelman's relationship to those parties,[1] that has led her to bring claims

against these individual defendants in this action.  The addition of Reidbord and Perelman as

Defendants in this case, where the only facts specifically alleged with respect to these individuals

are their roles as corporate officers for defendants who were sued in *Rice I*, does not in any way

---

[1] To the degree that Plaintiff refers to Walnut Management, Inc., Reidbord, and Perelman in the collective in her
Complaint in the instant action.  *See Rice II* Compl. ¶ 9, ECF No. 1 ("Defendants, Walnut Capital Management Inc[,].
doing business as Walnut Capital Management, Walnut Capital Management, Gregg Perelman, and Todd Reidbord
will be referred to herein collectively as WCM.").

alter the Court's analysis as to whether Plaintiff has improperly split her claims.  *See Acosta*, 2017 WL 4685548, at *3 (citing *Frederick Banks v. State Farm*, No. 13-1152, 2013 WL 6058471, at *5 (W.D. Pa. Nov. 18, 2013)  for its holding that "the later-filed case involved improper claim-splitting under *Walton* even though it added an additional individual defendant because the added defendant's alleged individual liability hinged on his role within the Bureau of Prisons and involved 'the same operative facts and legal theories' applied to other defendants within the Bureau of Prisons.").  Any holding to the contrary would allow for a Plaintiff to maintain any number of lawsuits turning on the same operative facts and legal theories by simply adding a new corporate officer to each suit.  Reidbord and Perelman are in privity with defendants who have been sued in *Rice I*,[2] and the Court finds that the second *Walton* requirement is satisfied in this matter.

Finally, the Court finds that *Rice I* and *Rice II* involve the same subject matter.  The Third Circuit has explained:

> Parallel complaints need not be completely identical to fall under *Walton*, which proscribes "substantially identical complaints."  *Walton*, 563 F.2d at 71 (emphasis added).  In *Walton*, the original complaint alleged race and gender discrimination under Title VII and expressly waived trial by jury.  *Id.* at 69–70.  The second complaint added a claim for "emotional and mental injury" and sought compensatory damages as well as a jury trial.  *Id.* at 70.  These differences were not sufficient to allow Walton to proceed with both suits.

---

[2] *See Acosta v. Gaudin*, No. 2:17-CV-366, 2017 WL 4685548, at *3 (W.D. Pa. Oct. 18, 2017) ("The claim-splitting doctrine's kinship to the res judicata doctrine directs that the rules of privity as applied to res judicata also apply to the claim-splitting analysis."); *see also Lewis v. O'Donnell*, 674 F. App'x 234, 237 (3d Cir. 2017) ("With respect to the individual defendants named here, only one, M.E. Wileman, was named in the state court proceedings. Nevertheless, we conclude that the individual defendants were in privity with PennyMac. 'Privity "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata."'  *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) (quoting *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (1990)).  Indeed, the individual defendants all worked for or on behalf of PennyMac. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) ('Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata.'); *see also Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 176 (3d Cir. 1994) (stating that, under New Jersey law, '[a] relationship is usually considered "close enough" [for res judicata purposes] only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation.')").

*McKenna*, 304 F. App'x at 92.  Accordingly, the assertion of additional claims and an expansion of the damages sought by a plaintiff is not alone sufficient to defeat an assertion of claim splitting. *See id.* at 92-93.  "When the difference between the two cases is 'purely semantic' and both cases rely on 'the same operative facts and legal principles,' the cases involve the same subject matter." *Acosta*, 2017 WL 4685548, at *3 (quoting *McKenna*, 304 F. App'x at 92).

In opposing Defendants' Motion, Plaintiff avers: "Plaintiff's Complaint is for damages and Partition.  Plaintiff's prior Complaint is for a declaratory judgment.  The prior Complaint also contains different parties and different causes of action."  Br. in Opp'n 1, ECF No. 19.  Perhaps recognizing that these are the only potential distinctions between *Rice I* and *Rice II*, these arguments are the entire thrust of Plaintiff's opposition to the Motion to Dismiss, and Plaintiff does not even attempt to distinguish the operative facts and legal principles found in *Rice I* and *Rice II*. As previously noted, the fact that Plaintiff's present Complaint seeks different relief than the amended complaint in *Rice I* and the fact that it sets forth new claims are not alone sufficient to establish that Plaintiff has not engaged in claim splitting.  Further, the Court has already held that the addition of new individual defendants in *Rice II* does not defeat an assertion of claim splitting because Reidbord's and Perelman's alleged individual liability hinges entirely on their relationship to corporate defendants found in both cases.

Plaintiff's failure to even attempt to distinguish the operative facts and legal principles found in *Rice I* a*nd Rice II* would likely justify the Court in granting Defendants' Motion to Dismiss as uncontested.  In any event, a review of the allegations set forth in *Rice I* and *Rice II* confirms that the actions are impermissibly duplicative.  Initially, the Court notes that four of the five exhibits attached to Plaintiff's amended complaint in *Rice I* are identical to exhibits that have been attached to Plaintiff's Complaint in *Rice II*.  *Rice I* and *Rice II* both center around the same

shareholder agreement (attached to both complaints as Exhibit A) that was entered into on March 9, 2014 between Herbert L. Rice and Sidney Rice, and allegations that Herbert Rice terminated that agreement on June 24, 2018.  Both cases involve allegations that Herbert Rice gave notice to Walnut Capital, Inc. that Herbert Rice intended to convey his 45.86% stake in the 13.07% ownership interest in Hempstead Road Associates to himself and Plaintiff.  Both involve allegations that ten distribution payments were subsequently made pursuant to this conveyance, but that certain defendants eventually caused the distributions to cease just short of a $107,405.82 distribution to Herbert and Suezette Rice, and that no distributions have been paid since.  Each case involves an allegation that, at that time, certain defendants attempted to purchase Herbert and Suezette Rice's interest in Hempstead Road Associates for the sum of $100,000.00, which was less than the non-disclosed distribution to which Herbert and Suezette were allegedly entitled. They both involve an allegation that certain defendants encumbered Hempstead Road Associates without notice to Herbert or Suezette Rice.  Each case further relies on allegations that Edward Rice blocked Herbert L. Rice from participating in the management of Nathan Rice, Inc., and from participation in any shareholder meetings, since 2014.

While *Rice I* and *Rice II* involve nominally different claims and nominally different requests for relief, the operative facts supporting each case are identical.  Moreover, the Court notes that, in *Rice I*, Plaintiff requests an order from this Court directing the *Rice I* defendants to pay to Plaintiff all distributions that have not yet been paid to Plaintiff, a request that is materially identical to one made in *Rice II*'s Complaint at ¶ 63.  Further, Plaintiff sets forth a claim for breach of the shareholder agreement in *Rice II*, and requests the following declaratory relief in *Rice I*: "That Plaintiffs further request this Honorable Court to declare that the actions of the Defendants *were in breach of the Shareholder Agreement of March 9, 2014 . . . .*"  *Rice I* Am. Compl. 10

(emphasis added).  *Rice II* involves claims for breach of fiduciary duty, whereas *Rice I* requests: "That this Court declare that the said Edward Rice breached his fiduciary duties to the Plaintiffs." *Id.* at 12.

For all of the reasons discussed above, the Court finds that the operative facts set forth in *Rice I* and *Rice II* "constitute a 'common set of facts' that would require 'all claims [to be included] in a single lawsuit' to avoid duplicative litigation."  *Hanna*, 2021 WL 51581, at *3 (quoting *Elgin*, 567 U.S. at 34)).  It is readily apparent that any difference between *Rice I* and *Rice II* is "purely semantic" and that both cases rely on the same operative facts and legal principles.  Accordingly, the cases are impermissibly duplicative.  The only issue remaining is what relief is most appropriate.

The Court agrees with Defendants that consolidation is not appropriate.  The deadline for Plaintiff to seek amendment in *Rice I* has long since passed, discovery is complete in that matter, and the case will be trial-ready once a motion for summary judgment filed by Plaintiff has been resolved.  For these reasons, the Court also believes that dismissal of the instant action without prejudice to Plaintiff refiling the same at the conclusion of *Rice I* is the most appropriate outcome. While the Court cannot definitively determine the true purpose behind Plaintiff's decision to file the instant action, through different counsel than in *Rice I*, nearly one-and-one-half years after the commencement of *Rice I* and more than seven months after the filing of an amended complaint in *Rice I*, it is at least a permissible inference that Plaintiff sought to avoid a potential denial of a motion to amend in *Rice I*, a case wherein discovery was complete and the Court, at Plaintiff's request, had set summary judgment motion deadlines.  *See Acosta*, 2017 WL 4685548, at *4 (dismissing a duplicative action and explaining: "Perhaps hypothesizing that the Court might be less than amenable to yet another amendment request that sought to add another defendant well

after significant amounts of discovery occurred, the Secretary filed an entirely new action in order to dodge those issues.  But, the Secretary may not avoid a possible negative ruling by filing a wholly separate case.").  In light of the above, the Court finds that dismissal without prejudice of Plaintiff's Complaint at *Rice II* is the most appropriate relief.

Turning to Plaintiff's Cross-Motion to Amend to add Dollar Bank as a nominal defendant, the Court notes that, with respect to amendments other than those that may occur as a matter of course under Rule 15(a)(1),[3] Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court of the United States has explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).  "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982)).  "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if

---

[3] While Plaintiff notes that she would have been entitled to amend her Complaint as a matter of course pursuant to Rule 15(a)(1) within 21 days of the filing of Defendants' Motion to Dismiss, she did not file an amended complaint within that timeframe, and instead opposed Defendants' Motion and requested leave to amend in the alternative. Accordingly, Rule 15(a)(2) applies in this matter.

the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).  "Because a futility challenge attacks an amendment's legal sufficiency, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6)." *McLaughlin v. Seneca Res. Corp.*, No. CV 17-255, 2018 WL 623499, at *3 (W.D. Pa. Jan. 30, 2018) (citing *Jablonski*, 863 F.2d at 292).

  "Nominal parties are generally those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (*Wolff v. Wolff,* 768 F.2d 642, 645 (5th Cir. 1985)).  Plaintiff provides no explanation whatsoever as to why the addition of a nominal party with no true interest in this litigation might render her action non-duplicative.  Accordingly, Plaintiff has provided no basis to permit the amendment she seeks.  The Court finds that Plaintiff has thus failed to meet even the low threshold provided by Rule 15, and that the amendment she seeks would be futile.  Her Cross-Motion to Amend will be denied.

  For the reasons discussed above, the Court will grant Defendants' Motion to Dismiss and will deny Plaintiff's Cross-Motion to Amend.  An appropriate Order of Court follows.

BY THE COURT:


/s/Robert J. Colville_____
Robert J. Colville
United States District Judge

DATED: March 31, 2023

cc: All counsel of record