IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUEZETTE H. RICE, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-874 |
| ) | |
| v. ) | *Electronically Filed and Served* |
| ) | |
| NATHAN RICE, INC., a Pennsylvania ) | |
| Corporation; EDWARD RICE, individually, ) | |
| as Trustee of the Sidney David Rice ) | |
| Irrevocable Trust, and as President of Nathan ) | |
| Rice, Inc.; THE SIDNEY DAVID RICE ) | |
| IRREVOCABLE TRUST; WALNUT ) | |
| CAPITAL MANAGEMENT, INC. D/B/A ) | |
| WALNUT CAPITAL MANAGEMENT, a ) | |
| Pennsylvania Partnership; HEMPSTEAD ) | |
| ROAD ASSOCIATES, a Pennsylvania ) | |
| Partnership; GREGG PERELMAN, ) | |
| individually; TODD REIDBORD, ) | |
| individually; and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO AMEND JUDGMENT UNDER F.R.C.P. 59 AND MOTION FOR LEAVE TO AMEND UNDER F.R.C.P. 15**

Plaintiff, by and through her undersigned counsel, files the within Motion to Amend Judgment under F.R.C.P. 59, and Motion for Leave to Amend under F.R.C.P. 15, seeking that this Court reconsider Judge Colville's Order granting Defendants' Motion to Dismiss, denying Plaintiff's Motion to Amend and marking the case as closed and respectfully asks that the Court set aside the Order granting Defendants' Motion to Dismiss and allow Plaintiff leave to file an Amended Complaint in substantially the same form as attached hereto as **Exhibit 1**.

  **A. Introduction**

Although Plaintiff disagrees that the present action ("*Rice II*") is duplicative of the currently pending action, 2:21-cv-90-RJC ("*Rice I*"), assuming *arguendo* that it is impermissibly

1

duplicative, it would be a clear error of law to disallow Plaintiff the opportunity to amend her complaint to distinguish her claims from those being litigated in *Rice I*. Accordingly, for the reasons set forth below, and to prevent manifest injustice, this Court should set aside its Order dismissing the action pending the resolution of *Rice I*, and grant Plaintiff leave to file an Amended Complaint in substantially the same form as attached hereto as **Exhibit 1**.

    **B.**    **Legal Standard**

        **1.  STANDARD FOR SETTING ASIDE JUDGMENT**

When a party seeks leave to amend a complaint after judgment has been entered, it must also move to set aside the judgment pursuant to Fed. R. Civ. P. 59(e), because the complaint cannot be amended while the judgment stands. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 192 (3d Cir. 2019). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

        **2.  STANDARD FOR GRANTING LEAVE TO AMEND**

The court should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). Pennsylvania's courts have regularly held that "grants for leave to amend complaints should be routinely granted to plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under Fed. R. Civ. P. 15(a) is satisfied." *Newark Branch, NAACP v. Harrison*, 907 F.2d 1408, 1417 (3d Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); *Adams v. Gould, Inc.*, 739 F.2d

2

858, 864, 867-869 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122, 83 L. Ed. 2d 799, 105 S. Ct. 806 (1985)). "Indeed, the Supreme Court has instructed that 'the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" *Id*. (vacating a District Court's order denying NAACP's motions for reconsideration and leave to amend where the proposed amendment is not facially meritless).

In general, "Rule 15 should be interpreted liberally, in favor of permitting amendment whenever doing so will serve the underlying purposes of the Rule." *Feuerstein v. Simpson*, 582 F. App'x 93, 98 (3d Cir. 2014) (citing *Brandon v. Holt*, 469 U.S. 464, 471 n.19, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)). "The 'touchstone' for deciding whether or not to grant leave to amend is whether the opposing party will be unduly prejudiced." *Id*. (citing *Evans Products Co. v. West American Ins. Co.*, 736 F.2d 920, 924 (3d Cir. 1984) ("The primary consideration in determining whether leave to amend under Fed. R. Civ. P. 15(b) should be granted is prejudice to the opposing party."). A court may deny leave to amend only when "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Wolfington*, 935 F.3d at 210 (quoting *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)).

**C.  Argument**

Much of the Court's reasoning for its March 31, 2023 order and opinion (the "Order" and the "Opinion", respectively) lies in the similarities between *Rice I* and *Rice II*. Plaintiff respectfully submits that the review this Motion under the need to correct a clear error of law or fact or to prevent manifest injustice. Based on the same, Plaintiff urges this Court, to at a

minimum, consider Plaintiff's proposed Amended Complaint by the standards set forth in Rule 15 and well settled jurisprudence.

Given the importance of the similarities and differences between the two cases, an analysis of the two cases is required. Plaintiff submits that although there are similarities between *Rice I* and *Rice II*, the differences between *Rice I* and *Rice II* are significant enough to justify bringing *Rice II* as a separate action.

1. **Nature and History of *Rice I* and *Rice II***

*Rice I*, as it is referred to in the pleadings and in the Court's order is a declaratory action filed by Herbert L. Rice ("Herbert Rice" or "Original Plaintiff") against Nathan Rice Inc. ("NRI"); Edward Rice ("E. Rice"), individually, as Trustee of the Sidney David Rice Irrevocable Trust (the "SDR Trust"), and as President of NRI; the SDR Trust; Walnut Capital Management, Inc. ("WCM"); and Hempstead Road Associates ("HRA") (collectively "Rice I Defendants"). *Rice I* was specifically prepared as an action for declaratory judgment based on the interpretation of the parties' Shareholder Agreement and is not an action for damages against the Rice I Defendants.

Instead, *Rice I* seeks that the Court read the Shareholder Agreement and rule on the effect of Herbert L. Rice's correspondence (and subsequent conduct) withdrawing from NRI and the impact that has on the subsequent dealings of the remaining Rice I Defendants. Importantly, *Rice I* expressly states that it is only naming the certain defendants as nominal defendants "***in order to effectuate the necessary transfer of interest … and to secure the payment of all distributions prior and future … .***" (*See* HLR Decl. Action, ECF Doc. No. 74, at ¶ 28).

*Rice II*, as it is referred to in the pleadings and in the Court's order, is a cause of action for damages, filed by Suezette Rice ("S. Rice"), Original Plaintiff's beneficiary, which arises from the subsequent conduct of NRI; E. Rice, individually, as Trustee of the SDE Trust, and as the purported

(but not actual) President of NRI; the SDE Trust; WCM; HRA; Gregg Perelman; Todd Reidbord; LPC; Mark A. Levine; and John Does 1-10 (collectively the "Rice II Defendants").

*Rice II* does not ask this Court to interpret the Shareholder Agreement, but seeks that the Court award damages arising from the Rice II Defendants' unlawful and self-dealing conduct, breaches of their duties to S. Rice, and conspiracy to conceal material information about the WCM and HRA dealings from S. Rice in an effort to fraudulently induce her into a one-sided deal wherein she would be bought out from HRA for less than the distribution she was due from a refinancing of HRA's property. (*See generally* Ex. 1)

In fact, if the declaratory action had already been concluded it would be a permissible action for damages or enforcement of the Court's findings in *Rice I*. Although *Rice I* was initially intended to be expedited, it has taken longer than anticipated.[1]  For that reason as well, *Rice II* was filed to toll the statute of limitations on conduct discovered as part of the *Rice I* litigation.

*Rice II* is not and was never intended to be an amendment of *Rice I* or duplicative of *Rice I*. Instead, *Rice I*—and the pending Summary Judgment motion therein—seeks simply that the Court rule whether Original Plaintiff properly and effectively withdrew from NRI, and names the additional defendants therein to order them to effectuate the withdrawal.  *Rice II* is a stand-alone action for damages which arise from the Rice II Defendants' conduct towards S. Rice, which were not only in clear disregard of Original Plaintiff's withdrawal from NRI, but constitute a breach of fiduciary duty to Plaintiff, self-dealing, tortious interference with contract, and an attempt to obtain Plaintiff's interests in HRA at a knowingly depressed value—which the Rice II Defendants

---

[1] When *Rice I* was filed, it was intended to expedited as Herbert Rice was in his mid-90s and sought to have *Rice I* decided before he passed away. Indeed, Plaintiffs filed a Motion for Speedy Hearing pursuant to Rule 57 in HLR Declaratory Action and a Case Management Order with expedited deadlines was granted by the Court. (*See* HLR Decl. Action, ECF Doc. No. 29 and ECF Doc. No. 40).  Unfortunately, Herbert passed approximately 18 months after *Rice I* was filed and while that case was still working its way through the Court's system.

knowingly and actively concealed despite their duty to disclose the same to Plaintiff. (*See* Ex. 1, at Exhibits E through H)

Accordingly, and at a minimum, S. Rice's proposed amendment is not futile and she should be permitted to file the enclosed proposed Amended Complaint detailing such claims.

### 2. Plaintiff should be permitted to file an Amended Complaint to preserve her claims and prevent manifest injustice

Plaintiff should be permitted to file an Amended Complaint as preventing the same would be a clear error of law and would result in a manifest injustice.

This Court has recently pointed out that "there is no governing standard for what constitutes a manifest injustice as the term applies to Rule 59(e) and ... courts should 'look at the matter on a case-by-case basis' to determine whether a judgment will work a manifest injustice." *Horsh v. Clark*, No. 1:17-cv-316-SPB1, 2020 U.S. Dist. LEXIS 45723, at *3 (W.D. Pa. Mar. 17, 2020) (quoting *Hill v. Lappin*, No. 3:11-CV-1609, 2019 U.S. Dist. LEXIS 179700, 2019 WL 5260397, at *3 (M.D. Pa. Oct. 17, 2019)).

Here, the Court pointed out in its Opinion that "[t]he deadline for Plaintiff to seek amendment in *Rice I* has long since passed" and suggested that, because *Rice II* is being dismissed without prejudice, Plaintiff can refile the instant action "at the conclusion of *Rice I*". However, the statue of limitations on at least some of the claims set forth in Plaintiff's Amended Complaint may arguably accrue from Plaintiff's discovery of the conduct giving rise to those claims and not from a ruling on *Rice I*. Accordingly, if Plaintiff were to wait for the conclusion of *Rice I*, those claims may (and most likely will) be lost, and the dismissal of *Rice II* without an opportunity for Plaintiff to re-plead would result in a manifest injustice.

Specifically, although the Court's order granting the Defendants' Motion to Dismiss is without prejudice, given the amount of time that may pass before *Rice I* is resolved and/or ruled

6

upon, the order granting the Motion to Dismiss will be, effectively, with prejudice, given that the statute of limitations would arguably continue to run while *Rice I* continues to work its way through the Court's system. Accordingly, and especially because the deadline to amend *Rice I* has passed, precluding Plaintiff from filing the proposed Amended Complaint would result in a manifest injustice.[2]

### a. Plaintiff's proposed amendment is not futile

In its Opinion, in holding that amendment would be futile, the Court did not have the benefit of a proposed Amended Complaint, and therefore reasoned that Plaintiff provided "no basis to permit the amendment she seeks." However, with the benefit of a proposed Amended Complaint and a clear showing of how it can be distinguished from *Rice I*, this Court should set aside the judgment and allow Plaintiff to file the Amended Complaint.

It is well settled in Pennsylvania that courts should liberally grant leave to amend when doing so is not futile and when the other party would not be unduly prejudiced. Failure to do so would be a clear error of law and would result in a manifest injustice to Plaintiff, who may ultimately be precluded (and/or time barred) from bringing the claims detailed therein.

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id*. Amendment is only futile "where no set of facts can be proved under the amendment to the complaint that would constitute a valid and sufficient" claim. Pension

---

[2] As an aside, amending Rice I to add the claims detailed in the proposed Amended Complaint of Rice II will undoubtedly raise objection from the Defendants in Rice I on the basis that the matters plead in the Amended Complaint are wholly different and separate from the declaratory judgment issue pending before this Court—resulting in a "catch-22" that prevents Plaintiff from effectively enforcing her rights and obtaining redress for the Rice II Defendants' unlawful conduct.

Fund for Hosp. & Health Care Emples.-Phila. & Vicinity Dist. 1199C Training & Upgrading Fund v. North Phila. Health Sys., 1999 U.S. Dist. LEXIS 5563 (E.D. Pa. 1999). The amended complaint would not survive a motion to dismiss only if it were certain that no relief could be granted under any set of facts that could be proved. *DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528, 534 (E.D. Pa. 2004) citing *Markowitz v. Northeast Land Co.*, 906 F.2d 100 (3d Cir. 1990).

Here, as detailed more fully in Plaintiff's proposed Amended Complaint, Plaintiff has causes of action that are separate and apart from the declaratory relief sought by *Rice I* and has detailed substantial facts and evidence, which when accepted as true, give rise to claims against the Rice II Defendants. Unlike *Rice I*, *Rice II* seeks to recover damages primarily from NRI and HRA's service providers and names NRI and HRA as nominal defendants. In *Rice II*, Plaintiff seeks to bring newly discovered claims against WCM, Reidbord, Perelman, Louis Plung & Co. ("LPC"), and its director of Tax, Mark A. Levine ("Levine") arising from their self-dealing in an attempt to purchase Plaintiff's HRA interests at a knowingly depressed value.[3] (*See generally* Ex. 1) In doing so, the Rice II Defendants breached their duties to Plaintiff as service providers for NRI and HRA, knowingly and purposefully failed to disclose information material to Plaintiff's decision making in an effort to obtain her interests at an extremely depressed valuation, and concealed the fact that a refinancing was in the works that would distribute ***more money to Plaintiff than she was being offered for her interests***. (*See generally* Ex. 1)

Importantly, as evidenced by the communications uncovered in discovery, the Rice II Defendants knew that their conduct was unlawful and actively discussed not disclosing material information to Plaintiff and her attorney. Specifically, in response to a demand for fair market

---

[3] In their Motion to Dismiss brief, Defendants admit that Plaintiff learned about the new information in November of 2021 and that she could have amended *Rice I* to include such claims. However, because the claims are separate and distinct from the relief sought by Plaintiff in *Rice I*, she is well within her right to bring a separate cause of action—which she did—within the applicable statue of limitations for such claims.

8

value for Plaintiff's HRA interests, proposed Defendant Levine asked Defendant Reidbord to provide such a valuation, but stated that he "won't provide this to [Plaintiff's attorney] Beth and/or Herbert [Rice] without your approval." (Ex. 1, at Exhibit E)   Understanding his conduct was arguably unlawful, Defendant Levine wrote to Reidbord "I don't want this to look like it is going through us." (Ex. 1, at Exhibit E)

Further, the morning after being placed on notice that Plaintiff did not want to deal with Defendants and to cease and desist "any efforts to sell, transfer, or make any other disposition" of Plaintiff's interests in HRA, the Rice II Defendants pushed through the refinancing with only the signature and authority of Edward Rice.  However, as set forth more fully in Plaintiff's proposed Amended Complaint, the Rice II Defendants negligently, recklessly, and/or knowingly failed to perform a reasonable inquiry under the circumstances, failed to inquire about such authority from Plaintiff, failed review NRI's corporate records or perform rudimentary due diligence regarding the propriety of Defendant Edward Rice's instructions and actions, and/or failed to otherwise verify that Edward Rice had any such authority to act on NRI's behalf.  On the contrary, it was admitted by Defendant Edward Rice's counsel—on January 6, 2022—that Defendant Edward Rice first signed a joinder to the NRI Shareholder Agreement, which was a condition to becoming NRI's shareholder—**on December 27, 2021**—approximately six (6) years after the passing of Sidney Rice, and more than a year after signing the Dollar Bank financing resolution as the purported president of NRI. (*See* HLR Decl. Action, ECF Doc. No. 94)

Accordingly, the claims set forth in Plaintiff's proposed Amended Complaint are valid, are grounded in law and fact, and are separate and apart from the *Rice I* action seeking declaratory relief. Accordingly, amendment would not be futile and should be permitted.

### b. Defendants will not be unduly prejudiced if Plaintiff is permitted to amend Rice II

As detailed more fully above, the core analysis in whether or not to grant leave to amend is whether the opposing party will be unduly prejudiced. If Plaintiff were granted the opportunity to file her proposed Amended Complaint, the Rice II Defendants would not be unduly prejudiced.

The issue of prejudice requires that a court focus on the hardship to the defendants if the amendment were permitted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). A mere claim of prejudice is not sufficient; there must be some showing that a party "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (quoting *Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981)).

Importantly, in *Dole*, the Third Circuit, reasoned that "the need for additional discovery does not conclusively establish prejudice." *Id.* (citing *Butcher & Singer v. Kellam*, 105 F.R.D. 450, 452-453 (D. Del. 1984) (need for further discovery, absent explanation of burdens which this would impose, did not constitute prejudice sufficient to outweigh amendment.))

Here, no such prejudice can be claimed because *Rice I* relates only to the interpretation of the Shareholder Agreement and contains no claims about the Rice II Defendants' unlawful conduct towards Plaintiff. Further, Plaintiff would not need to take duplicative discovery and would not need to disturb the pending Summary Judgment motion—which does not require additional briefing or factual discovery in order for the Court to rule thereon.

Instead, Defendants admit that the facts relating to her claims were only made known to Plaintiff in November of 2021. As detailed in the proposed Amended Complaint, Plaintiff is already in possession of substantial evidence of Defendants' misconduct. To the extent that Plaintiff has further targeted discovery on the communications / documents relating to the same,

such discovery would not be duplicative of the matters already inquired into.

Accordingly, the Rice II Defendants would not be unduly prejudiced by the proposed Amended Complaint.

### D.     Conclusion

For the reasons detailed herein, Plaintiff respectfully requests that this Court set aside its judgment dismissing *Rice II* and grant Plaintiff leave to file an Amended Complaint in substantially the same form as enclosed herewith.

Respectfully submitted,

Dated: April 28, 2023

By: _____
Anton Kaminsky, Esquire
KAMINSKY LAW, LLC
PA Atty. ID No. 322660
207 Buck Road, Suite 2
Southampton, PA 18966
Tel. (215) 876-0800
kaminsky.esq@gmail.com
*Attorney for Plaintiff*

11