**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUEZETTE H. RICE, | ) | |
| | ) | No. 2:22-cv-874-RJC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Robert J. Colville |
| | ) | |
| NATHAN RICE, INC., a Pennsylvania | ) | |
| Corporation; EDWARD RICE, individually, | ) | |
| as Trustee of the Sidney David Rice | ) | |
| Irrevocable Trust, and as President of Nathan | ) | |
| Rice, Inc.; THE SIDNEY DAVID RICE | ) | |
| IRREVOCABLE TRUST; WALNUT | ) | |
| CAPITAL MANAGEMENT, INC. D/B/A | ) | |
| WALNUT CAPITAL MANAGEMENT, a | ) | |
| Pennsylvania Partnership; WALNUT | ) | |
| CAPITAL MANAGEMENT, a Pennsylvania | ) | |
| Partnership; HEMPSTEAD ROAD | ) | |
| ASSOCIATES, a Pennsylvania Partnership; | ) | |
| GREGG PERELMAN, individually; TODD | ) | |
| REIDBORD, individually; and JOHN DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

  Before the Court is Plaintiff's Motion to Amend Judgment Under Fed. R. Civ. P. 59 and Motion for Leave to Amend Under Fed. R. Civ. P. 15 ("Motion") (ECF No. 31) filed in the above-captioned matter. Plaintiff seeks reconsideration of the Court's prior Order dismissing Plaintiff's Complaint and denying Plaintiff's Motion for Leave to Amend. The Motion has been fully briefed and is ripe for disposition.

1

In the Court's prior Memorandum Opinion (ECF No. 28), which is incorporated herein by reference, addressing Defendants' Motion to Dismiss and Plaintiff's Cross-Motion to Amend, the Court explained as follows:

> Plaintiff's failure to even attempt to distinguish the operative facts and legal principles found in *Rice I* and *Rice II* would likely justify the Court in granting Defendants' Motion to Dismiss as uncontested.  In any event, a review of the allegations set forth in *Rice I* and *Rice II* confirms that the actions are impermissibly duplicative.  Initially, the Court notes that four of the five exhibits attached to Plaintiff's amended complaint in *Rice I* are identical to exhibits that have been attached to Plaintiff's Complaint in *Rice II*.  *Rice I* and *Rice II* both center around the same shareholder agreement (attached to both complaints as Exhibit A) that was entered into on March 9, 2014 between Herbert L. Rice and Sidney Rice, and allegations that Herbert Rice terminated that agreement on June 24, 2018.  Both cases involve allegations that Herbert Rice gave notice to Walnut Capital, Inc. that Herbert Rice intended to convey his 45.86% stake in the 13.07% ownership interest in Hempstead Road Associates to himself and Plaintiff.  Both involve allegations that ten distribution payments were subsequently made pursuant to this conveyance, but that certain defendants eventually caused the distributions to cease just short of a $107,405.82 distribution to Herbert and Suezette Rice, and that no distributions have been paid since.  Each case involves an allegation that, at that time, certain defendants attempted to purchase Herbert and Suezette Rice's interest in Hempstead Road Associates for the sum of $100,000.00, which was less than the non-disclosed distribution to which Herbert and Suezette were allegedly entitled.  They both involve an allegation that certain defendants encumbered Hempstead Road Associates without notice to Herbert or Suezette Rice.  Each case further relies on allegations that Edward Rice blocked Herbert L. Rice from participating in the management of Nathan Rice, Inc., and from participation in any shareholder meetings, since 2014.
>
> While *Rice I* and *Rice II* involve nominally different claims and nominally different requests for relief, the operative facts supporting each case are identical.  Moreover, the Court notes that, in *Rice I*, Plaintiff requests an order from this Court directing the *Rice I* defendants to pay to Plaintiff all distributions that have not yet been paid to Plaintiff, a request that is materially identical to one made in *Rice II*'s Complaint at ¶ 63.  Further, Plaintiff sets forth a claim for breach of the shareholder agreement in *Rice II*, and requests the following declaratory relief in *Rice I*: "That Plaintiffs further request this Honorable Court to declare that the actions of the Defendants *were in breach of the Shareholder Agreement of March 9, 2014 . . . .*"  *Rice I* Am. Compl. 10 (emphasis added).  *Rice II* involves claims for breach of fiduciary duty, whereas *Rice I* requests: "That this Court declare that the said Edward Rice breached his fiduciary duties to the Plaintiffs."  *Id.* at 12.

For all of the reasons discussed above, the Court finds that the operative facts set forth in *Rice I* and *Rice II* "constitute a 'common set of facts' that would require 'all claims [to be included] in a single lawsuit' to avoid duplicative litigation." *Hanna*, 2021 WL 51581, at *3 (quoting *Elgin*, 567 U.S. at 34)). It is readily apparent that any difference between *Rice I* and *Rice II* is "purely semantic" and that both cases rely on the same operative facts and legal principles. Accordingly, the cases are impermissibly duplicative. The only issue remaining is what relief is most appropriate.

The Court agrees with Defendants that consolidation is not appropriate. The deadline for Plaintiff to seek amendment in *Rice I* has long since passed, discovery is complete in that matter, and the case will be trial-ready once a motion for summary judgment filed by Plaintiff has been resolved. For these reasons, the Court also believes that dismissal of the instant action without prejudice to Plaintiff refiling the same at the conclusion of *Rice I* is the most appropriate outcome. While the Court cannot definitively determine the true purpose behind Plaintiff's decision to file the instant action, through different counsel than in *Rice I*, nearly one-and-one-half years after the commencement of *Rice I* and more than seven months after the filing of an amended complaint in *Rice I*, it is at least a permissible inference that Plaintiff sought to avoid a potential denial of a motion to amend in *Rice I*, a case wherein discovery was complete and the Court, at Plaintiff's request, had set summary judgment motion deadlines. *See Acosta*, 2017 WL 4685548, at *4 (dismissing a duplicative action and explaining: "Perhaps hypothesizing that the Court might be less than amenable to yet another amendment request that sought to add another defendant well after significant amounts of discovery occurred, the Secretary filed an entirely new action in order to dodge those issues. But, the Secretary may not avoid a possible negative ruling by filing a wholly separate case."). In light of the above, the Court finds that dismissal without prejudice of Plaintiff's Complaint at *Rice II* is the most appropriate relief.

Turning to Plaintiff's Cross-Motion to Amend to add Dollar Bank as a nominal defendant, the Court notes that, with respect to amendments other than those that may occur as a matter of course under Rule 15(a)(1),[1] Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Supreme Court of the United States has explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad

---

[1] While Plaintiff notes that she would have been entitled to amend her Complaint as a matter of course pursuant to Rule 15(a)(1) within 21 days of the filing of Defendants' Motion to Dismiss, she did not file an amended complaint within that timeframe, and instead opposed Defendants' Motion and requested leave to amend in the alternative. Accordingly, Rule 15(a)(2) applies in this matter.

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).  "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982)).  "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).  "Because a futility challenge attacks an amendment's legal sufficiency, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6)."  *McLaughlin v. Seneca Res. Corp.*, No. CV 17-255, 2018 WL 623499, at *3 (W.D. Pa. Jan. 30, 2018) (citing *Jablonski*, 863 F.2d at 292).

"Nominal parties are generally those without a real interest in the litigation."  *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (*Wolff v. Wolff,* 768 F.2d 642, 645 (5th Cir. 1985)).  Plaintiff provides no explanation whatsoever as to why the addition of a nominal party with no true interest in this litigation might render her action non-duplicative.  Accordingly, Plaintiff has provided no basis to permit the amendment she seeks.  The Court finds that Plaintiff has thus failed to meet even the low threshold provided by Rule 15, and that the amendment she seeks would be futile.  Her Cross-Motion to Amend will be denied.

Mem. Op. 7-11, ECF No. 31 (footnote in original).  The Court's Order provided:

AND NOW, this 31st day of March, 2023, upon consideration of the Motion to Dismiss (ECF No. 16) filed by Defendants and the Cross-Motion to Amend (ECF No. 18) filed by Plaintiff in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion of the same date, it is hereby ORDERED that Defendants' Motion to Dismiss is granted, and Plaintiff's Cross-Motion to Amend is denied.  Plaintiff's Complaint is dismissed without prejudice to Plaintiff refiling the same at the conclusion of the case at Docket No. 2:21-cv-90-RJC.  The Clerk of Court shall mark this case as closed.

Order 1-2, ECF No. 29.

Turning to the present Motion, "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).  The United States Court of Appeals for the Third Circuit has "explained that the law of the case doctrine does not preclude a court from revisiting its own decisions or one of a coordinate court where (1) new evidence is available or (2) a supervening new law has been announced." *In re Pharmacy*, 582 F.3d at 439 (citing *Pub. Interest Research Group of NJ, Inc. v. Magnesium Elektron*, 123 F.3d 111, 117 (3d Cir. 1997)).  Further, "a trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Id.* (quoting *Swietlowich v. County of Bucks*, 610 F.2d 1157, 1164 (3d Cir. 1979)).

Under Rule 59(e), a court may reconsider its order where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).  "Because courts have a strong interest in the finality of their judgments, a motion for reconsideration is inappropriate to express mere dissatisfaction with a court's previous ruling." *Deeters v. Phelan Hallinan & Schmieg, LLP*, No. CIV.A. 3:11-252, 2013 WL 6524625, at *2 (W.D. Pa. Dec. 12, 2013).

It is clear under Third Circuit precedent that a motion for reconsideration should not be used to merely reargue matters that have already been argued and decided, and further should not be used to present new arguments or evidence that could have been raised prior to the court's entry of the order in question. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that "[w]hatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not[,]" and quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) for the proposition that "reargument 'should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'"); *see also Deeters*, 2013 WL 6524625, at *2 ("[S]uch a motion cannot be used 'to raise new arguments or [to] present evidence that could have been raised prior to the entry of judgment.'" (quoting *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D.Pa. Mar. 3, 2006))); *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 475 (M.D. Pa. 2020) ("Likewise, a motion for reconsideration may not be used to present a new legal theory for the first time, to raise new arguments that could have been made in support of the original motion, and should not ask the court to rethink a decision that it has already made." (citations omitted)).

Quite simply, Plaintiff fails to set forth any basis for reconsideration of the Court's prior Memorandum Opinion and Order, which set forth at length the bases for the Court's determinations therein. Plaintiff fails to articulate a need to correct a clear error on the Court's part, especially when considering the record available to the Court when it issued its prior Order. Rather, the present Motion merely raises arguments that could have, and should have, been raised

in addressing Defendants' Motion to Dismiss.[2]   Any "new" factual averments set forth in Plaintiff's proposed amended complaint were known to Plaintiff, at the latest, in January of 2022, *see* Br. in Supp. 8 n.3, ECF No. 32; Reply 4, ECF No. 37, and thus could have been raised at the time the Court dismissed Plaintiff's Complaint and denied her leave to amend.[3]   Under Third Circuit precedent, a motion for reconsideration should not be used to merely reargue matters that have already been argued and decided, and further should not be used to present new arguments or evidence that could have been raised prior to the court's entry of the order in question.  That is precisely what Plaintiff does, and the Motion at issue will be denied on that basis.

While the Court believes it need not address Plaintiff's request for leave to amend given the above holding, the Court notes that the Third Circuit has "declined to reward a wait-and-see approach to pleading." *Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013).  "The plaintiff's delay may become undue after a motion for summary judgment is filed where the movant has had previous opportunities to amend a complaint, but chose not to do so. . . .  In particular, if the requested amendment is based upon facts known to the plaintiff at the time the previous complaint was amended, the amendment is disfavored." *In re Integrated Health Servs., Inc.*, 375 B.R. 730, 736 (D. Del. 2007) (citations omitted).  The Third Circuit has also explained

---

[2] Plaintiff acknowledges as follows:

> Although Plaintiff does not dispute that her prior counsel made less than a stellar effort at distinguishing this matter from the HLR Declaratory Action, as detailed more fully in the enclosed brief, and as evident from the face of the proposed Amended Complaint those matters are in fact distinct and restricting Plaintiff's ability to bring those claims until the resolution of the HLR Declaratory Action would potentially restrict Plaintiff from bringing those claims altogether.

Mot. ¶ 7, ECF No. 31.  Prior counsel's failure to advance argument that replacement counsel would have made is not a sufficient basis for reconsideration. *See Brown v. Agway Energy Servs., LLC*, No. CV 18-321, 2018 WL 10228392, at *2 (W.D. Pa. Nov. 14, 2018) ("Plaintiff is bound by the actions of his chosen counsel and any errors committed by his counsel in failing to follow the appropriate procedures when seeking leave to amend simply do not rise to the level of manifest injustice.").

[3] The motions at issue in the Court's prior Memorandum Opinion and Order were filed on July 12, 2022 and August 1, 2022, well after Plaintiff avers that she learned the facts that support her proposed amended complaint.

that it has "refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013).

Further, "[t]actical decisions and dilatory motives may lead to a finding of undue delay." *Leary v. Nwosu*, No. CIV.A. 05-5769, 2007 WL 2892641, at *4 (E.D. Pa. Oct. 2, 2007); *see also Phillips v. Borough of Keyport*, 179 F.R.D. 140, 148–49 (D.N.J. 1998) ("Plaintiffs' failure to assert state constitutional claims can only be attributable to a tactical decision to assert only a federal constitutional claim.  Courts will deny a motion to amend where the movant's unexplained delay suggests bad faith or tactical design."); *Fisher v. Dominion Transmission, Inc.*, No. 4:12-CV-0484, 2015 WL 6166626, at *3 (M.D. Pa. Oct. 20, 2015) ("Rather, this Court can discern no legitimate reason for the Plaintiffs' conduct, and it finds no reason to permit the requested amendment in light of what it views instead as dilatory and tactical decisions."); *Walls v. Cty. of Camden*, No. CIV. 06-5961 (JEI), 2008 WL 4934052, at *6 (D.N.J. Nov. 13, 2008) ("Therefore, Plaintiff cannot claim that she did not know CFG and Steininger's identity at the time she filed her original complaint.  It appears to the Court that Plaintiff made a tactical decision not to sue CFG and Steininger.  The applicable civil rules do not now permit Plaintiff to change her mind after the statute of limitations has run."); *Veneziale v. Quest Diagnostics*, No. CIV.A. 11-4879, 2013 WL 4551178, at *3 (E.D. Pa. Aug. 28, 2013) ("Moreover, given the absence of any explanation for its failure to seek amendment sooner, the Court can only assume that the delay was tactical in nature.").

Again, Plaintiff's Motion merely advances arguments, and proposes an amended complaint, that could have been advanced, and proposed, at the time the Court dismissed her original Complaint and denied leave to amend.  This is the exact type of wait-and-see approach to

pleading that the Third Circuit disfavors.  Plaintiff consistently references her *intentional* decision to limit her claims in *Rice I*, as well as her decision to not, when learning of the facts she has alleged in support of her claims in *Rice II*, seek leave to amend in *Rice I* to include those facts or claims related to those facts.  This "intentional" decision to not request amendment in *Rice I* was clearly tactical in nature, i.e., an effort at streamlined and expedited litigation in *Rice I*.  Plaintiff made that tactical decision at the risk that the Court would find *Rice I* and *Rice II* duplicative and, thus, would dismiss the *Rice II* Complaint without prejudice to the refiling of the same following the conclusion of *Rice I*.  Given the Court's finding that Plaintiff fails to state a basis for reconsideration, the Court must also conclude that she fails to set forth any basis to allow her to amend at this juncture, and her request to amend will be denied.

The Court takes no position on the merits of any claim set forth in Plaintiff's proposed amended complaint, which, again, fails to set forth any fact that could not have been raised when the Court denied Plaintiff's previous request to amend.  While Plaintiff asserts that the Court's denial of her Motion will result in manifest injustice from the possible forfeiture of certain claims, the Court notes that it was well within its discretion to dismiss Plaintiff's duplicative action at *Rice II*, and that Plaintiff proceeded at her own risk in not previously seeking amendment in *Rice I* and in failing to present all potential arguments in opposing Defendants' Motion to Dismiss in this action.

For the reasons discussed above, the Court will deny Plaintiff's Motion.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: July 14, 2023
cc: All counsel of record

9